**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-01488-STV

KARANJEET SINGH,

     Applicant,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Center, Aurora, Colorado,
GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement,
DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, and
TODD BLANCHE, Acting United States Attorney General,

     Respondents.

---

**ORDER**

---

**Magistrate Judge Scott T. Varholak**

This matter is before the Court on Applicant Karanjeet Singh's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Application") [#7]. The parties have consented to proceed before a United States Magistrate Judge for all proceedings, including entry of a final judgment. [#20] In his Application, Mr. Singh seeks a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention in Department of Homeland Security ("DHS") custody. [#7] Mr. Singh seeks a writ ordering Respondents to immediately release him from custody. [*Id.*] The Court has carefully reviewed the filings to date, and the applicable case law, and has determined that oral argument would not materially assist the Court in reaching a disposition.

Mr. Singh is a native and citizen of India. [#22-1 ¶ 4] He entered the United States in 2016. [*Id.* ¶ 5] An order of removal was issued by an Immigration Judge on March 31, 2023.

1

[*Id.* ¶ 14]  Mr. Singh appealed the order of removal on April 28, 2023. [*Id.* ¶ 16] On June 8, 2025, ICE officers encountered Mr. Singh in Denver, Colorado and arrested and detained him. [*Id.* ¶ 18] The March 31, 2023 order of removal is not administratively final given the pending appeal. [*Id.* ¶ 23]; *see also* 8 C.F.R. § 1241(a) (" An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals.").

As Respondents note, the central legal issue presented in this case concerns whether a noncitizen who is present in the United States and has not been admitted is subject to mandatory detention under 8 U.S.C. § 1225(b) or whether such a noncitizen is entitled to seek a bond hearing under 8 U.S.C. § 1226(a).  Respondents concede that this same legal question has already been addressed by this Court.  [#22 at 5 (citing *Paguada v. Choate*, No. 25-cv-03970-STV, 2026 WL 621282 (D. Colo. Mar. 5, 2026)]; *see also Gonzalez Cervera v. Valdez*, No. 26-CV-02341-STV, 2026 WL 1909863, at *1 (D. Colo. July 2, 2026). Indeed, this same legal question recently has been addressed by this District on numerous occasions.  *See*, *e.g.*, *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313 (D. Colo. Feb. 24, 2026); *Chavez Armenta v. Noem*, No. 26-cv-00236-PAB, 2026 WL 274634 (D. Colo. Feb. 3, 2026); *Tumax Caniz v. Warden*, No. 25-cv-03969-NRN, 2026 WL 820813 (D. Colo. Mar. 25, 2026); *Aleman Hernandez*, No. 1:25-cv-3688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025).

All these courts have held that an individual who has been living in the United States for many years is not "seeking admission" such that their detention is mandatory under Section 1225.  And the Tenth Circuit recently held the same.  *Quiroz v. Mullin*, -- F.4th --, 2026 WL 1876709, at *8 (10th Cir. June 30, 2026) (finding that detention pursuant

2

to Section 1225(b)(2)(A) "is limited to [noncitizens at] the border" of the United States). Mr. Singh here presents an analogous fact pattern. He entered the United States in 2016 and has resided in the United States ever since. [#1 at 3; #22-1 ¶¶ 5-24] In such a case, Mr. Singh is entitled to a bond hearing under Section 1226(a) for the reasons articulated in the many analogous orders that have been produced by this District and in the Tenth Circuit's decision in *Santillan Quiroz*. *See, e.g.*, *Guevara Garcia v. Baltasar*, No. 1:26-cv-01012-SKC, 2026 WL 835766, at *3 (D. Colo. Mar. 26, 2026); *DeLa Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *3 (D. Colo. Feb. 17,  2026). While Mr. Singh requests release from custody rather than a bond hearing, the Tenth Circuit instructs that the proper remedy is to order the Government to "either provide [the petitioner] with a bond hearing or else release him." *Santillan Quiroz,* 2026 WL 1876709, at *17 n.13.

For the foregoing reasons, it is **ORDERED**:

(1) that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#7] is **GRANTED IN PART**;

(2) Respondents shall provide Applicant with a bond hearing in which the Government bears the burden of proof by clear and convincing evidence under 8 U.S.C. § 1226(a) within **SEVEN DAYS** of the date of this Court's Order, or else release him; and

(3) Respondents shall file a status report within **TEN DAYS** of the date of this Court's order to certify compliance. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for the denial.

DATED July 21, 2026.                    BY THE COURT:

_____

Scott T. Varholak
United States Magistrate Judge